IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

CHAMBER OF COMMERCE OF THE
UNITED STATES OF AMERICA

and

ASSOCIATION OF AMERICAN
UNIVERSITIES,

                   Plaintiffs,

v.

UNITED STATES DEPARTMENT OF
HOMELAND SECURITY et al.,

                   Defendants.

Case No. 1:25-cv-3675-BAH

**PLAINTIFFS' STATEMENT OF UNDISPUTED MATERIAL FACTS**

Pursuant to LCvR 7(h)(1) and Rule 56 of the Federal Rules of Civil Procedure, and in support of Plaintiffs' Motion for a Preliminary Injunction, or in the Alternative, Summary Judgment, Plaintiffs the Chamber of Commerce of the United States of America (the U.S. Chamber) and the Association of American Universities (AAU) provide this "statement of material facts" as to which Plaintiffs contend there is "no genuine issue." LCvR 7(h)(1). All references to the record are made from the declarations and exhibits accompanying Plaintiffs' motion.

1.       On September 19, 2025, the President issued the proclamation *Restriction on Entry of Certain Nonimmigrant Workers* (The Proclamation). The Proclamation conditions the entry into the United States of certain noncitizens on a $100,000 payment accompanying their petitions for H-1B status, effective September 21, 2025, for one year. Hughes Decl. Ex. 1. The true and correct content of the Proclamation is reflected in Exhibit 1.

2. On September 20, 2025, U.S. Citizenship and Immigration Services (USCIS) released a memorandum entitled *Proclamation, Restriction on Entry of Certain Nonimmigrant Workers, H-1B*. Hughes Decl. Ex. 2. The true and correct content of that document is reflected in Exhibit 2.

3. On September 20, 2025, U.S. Customs and Border Protection released a memorandum entitled *Proclamation, Restriction on Entry of Certain Nonimmigrant Workers [H-1B]*. Hughes Decl. Ex. 3. The true and correct content of that document is reflected in Exhibit 3.

4. On September 21, 2025, the United States Department of State published on its website a webpage entitled *H-1B FAQ*. Hughes Decl. Ex. 4. The true and correct content of that document is reflected in Exhibit 4.

5. USCIS has, on its website, a webpage entitled *H-1B Specialty Occupations*, which includes a section titled "Presidential Proclamation on Restriction on Entry of Certain Nonimmigrant Workers." Hughes Decl. Ex. 5. The true and correct content of that document is reflected in Exhibit 5.

6. USCIS maintains a schedule of fees that apply to the various USCIS forms. Hughes Decl. Ex. 6. The true and correct content of that document is reflected in Exhibit 6.

7. On September 19, 2025, the Washington Post quoted the President as saying, in reference to the $100,000 payment described in the Proclamation, "We're going to take that money and we're going to be reducing taxes and we're going to be reducing debt." Hughes Decl. Ex. 24. The President did, in fact, make this statement.

8. The U.S. Chamber is a 501(c)(6) nonprofit organization headquartered in Washington, DC. The U.S. Chamber is the world's largest business federation, representing approximately 300,000 direct members and indirectly representing the interests of more than 3 million companies and professional organizations of every size, in every industry sector, and from every region of the country. Shen Decl. ¶ 1.

9. The U.S. Chamber advocates for pro-business policies including by advocating on the topic of immigration. Shen Decl. ¶ 3; Hughes Decl. Exs. 18, 25.

10. The U.S. Chamber litigates in federal court on behalf of its members, including in cases related to immigration and the H-1B program specifically. It also participates in notice-and-comment rulemaking proceedings related to these issues. Shen Decl. ¶ 4; Hughes Decl. Exs. 17, 19, 20.

11. Hundreds of U.S. Chamber members currently employ, in the aggregate, tens or hundreds of thousands of H-1B workers. These members hire thousands of new H-1B workers every year, and planned to do so again in the one-year period following September 21, 2025. Shen Decl. ¶ 23.

12. The U.S. Chamber's membership includes both "cap-exempt" employers who may hire additional H-1B workers at any time, and cap-subject employers whose hiring of H-1B workers requires participation in the annual H-1B visa lottery. Shen Decl. ¶¶ 7-9.

13. One U.S. Chamber member, HJI Supply Chain Solutions, intended to recruit H-1B candidates for an open position in the coming year but would be unable to do so if it must pay $100,000 to sponsor an H-1B petition. *See generally* Daniels Decl.; *see also* Shen Decl. ¶ 18.

14. At least dozens of other U.S. Chamber members similarly intended to sponsor prospective employees for H-1B visas in the coming year but must either eliminate or reduce their H-1B recruitment efforts if they would be subject to a $100,000 fee for new H-1B petitions. Shen Decl. ¶¶ 13-22.

15. Another member of the U.S. Chamber, GoRural, provides recruiting and staffing services to rural hospitals and other rural healthcare facilities and often recruits H-1B candidates. GoRural generates approximately 50% of its revenue from placing workers requiring H-1B visas, which will decrease as GoRural's clients are unable to pay a $100,000 fee. Poser Decl. ¶¶ 1, 6-11.

16. AAU is a 501(c)(3) nonprofit organization headquartered in Washington, DC. It is an association of leading research universities, 69 of which are based in the United States. Snyder Decl. ¶ 3. AAU's purpose is to promote vital programs of academic research and scholarship and undergraduate, graduate, and professional education. *Id.* ¶ 4. Its mission is centrally focused on ensuring that its members can conduct pathbreaking research that contributes to public health and American economic growth. *Id.*

17. AAU's U.S.-based members use—and plan to continue using—the H-1B program to hire employees. Snyder Decl. ¶ 5; *see also* ASU Decl. ¶¶ 5, 7; CMU Decl. ¶¶ 5, 8; UIUC Decl. ¶¶ 9, 13; JHU Decl. ¶¶ 5, 8; Michigan Decl. ¶¶ 9, 11; Minnesota Decl. ¶¶ 5, 10; Pitt Decl. ¶¶ 5, 7; Utah Decl. ¶¶ 5-6; WashU Decl. ¶¶ 5, 8; Wisconsin Decl. ¶¶ 5, 7. AAU's members are not subject to the statutory cap on H-1B visas and thus can and do file H-1B petitions on a rolling basis throughout the year. Snyder Decl. ¶ 6; *see also, e.g.*, Michigan Decl. ¶ 12; UW-Madison Decl. ¶ 8.

18. AAU members have submitted thousands of H-1B visa petitions in 2025. Snyder Decl. ¶ 6.

19. Before the Proclamation was issued, AAU members planned to submit H-1B visa petitions this fall on behalf of new H-1B workers, but have now had to put on hold petitions subject to the Proclamation's $100,000 fee. CMU Decl. ¶ 9; Minnesota Decl. ¶ 11; Utah Decl. ¶ 9; WashU Decl. ¶¶ 9-10.

20. AAU members have had to put other recruiting and hiring efforts on hold as a result of the Proclamation. JHU Decl. ¶ 9; Utah Decl. ¶¶ 7–8, 10.

21. The Proclamation does not itself exempt any specific noncitizen, category of noncitizen, company, or industry from the requirements specified in the Proclamation. Hughes Decl. Ex. 1.

4

22. The Proclamation does not require that the Secretary of Homeland Security grant any waivers or exceptions pursuant to Section 1(c) of the Proclamation. Hughes Decl. Ex. 1

23. As of October 23, 2025, the Secretary of Homeland Security has not yet granted any waiver or exception pursuant to Section 1(c) of the Proclamation.

24. The Secretary of Homeland Security will grant an exception to the Proclamation's requirements only in extraordinarily rare circumstances. Hughes Decl. Ex. 5.

25. To the extent that the Secretary of Homeland Security elects to grant an exception to the Proclamation's requirements pursuant to Section 1(c) of the Proclamation, she will do so only on an individual-by-individual basis. Hughes Decl. Ex. 5. The Secretary of Homeland Security will not grant any company-wide or industry-wide waivers or exceptions pursuant to Section 1(c) of the Proclamation. *Id.*

26. The federal government has not committed in any of the agency guidance issued pursuant to the Proclamation that it will recognize any fees paid in compliance with the Proclamation as "allowable cost[s]" related to "[s]hort term visas" under 2 C.F.R. § 200.463(d).

Dated: October 24, 2025

/s/ *Lindsay C. Harrison*
Adam G. Unikowsky (Bar No. 989053)
Elizabeth Henthorne (Bar No. 1562688)
Ishan K. Bhabha (Bar No. 1015673)
Lindsay C. Harrison (Bar No. 977407)
Zachary C. Schauf (Bar No. 1021638)
JENNER & BLOCK LLP
1099 New York Avenue NW
Suite 900
Washington, DC 20001-4412
T: +1 202 637 6000
F: +1 202 639 6066
lharrison@jenner.com

*Attorneys for Plaintiff Association of American Universities*

Respectfully submitted,

/s/ *Paul W. Hughes*
Paul W. Hughes (Bar No. 997235)
Sarah P. Hogarth (Bar No. 1033884)
Mary H. Schnoor (Bar No. 1740370)*
Alex C. Boota (Bar No. 90001014)*
Grace Wallack (Bar No. 1719385)
Emmett Witkovsky-Eldred (Bar No. 90012725)*
MCDERMOTT WILL & SCHULTE LLP
500 North Capitol Street NW
Washington, DC 20001
(202) 756-8000
phughes@mwe.com

Daryl L. Joseffer (Bar No. 457185)
U.S. CHAMBER LITIGATION CENTER
1615 H Street NW
Washington, DC 20062
(202) 463-5337
djoseffer@uschamber.com

*Counsel for Plaintiff Chamber of Commerce of the United States of America*

* *pro hac vice to be filed*