UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| CHAMBER OF COMMERCE OF THE UNITED STATES OF AMERICA, *et al.* | ) ) ) ) | |
| Plaintiffs, | ) ) ) | No. 1:25-cv-3675-BAH |
| v. | ) ) ) | |
| U.S. DEPARTMENT OF HOMELAND SECURITY, *et al.*, | ) ) ) ) | |
| Defendants. | ) ) ) ) | |

**MOTION FOR A STAY OF BRIEFING
IN LIGHT OF LAPSE OF APPROPRIATIONS**

In light of the current lapse in appropriations, Defendants hereby moves for a stay of its deadline to respond to the Plaintiffs' Motion for a Preliminary Injunction or in the alternative, Summary Judgment (ECF 18), in the above-captioned case.

1. On September 19, 2025, President Trump issued a Proclamation, *Restriction on Entry of Certain Nonimmigrant Workers*, Proclamation 10973, 90 Fed. Reg. 46207 (Sept. 19, 2025). The Proclamation imposes a $100,000 fee on certain H-1B petitions. Nearly a month later, Plaintiff Chamber of Commerce filed this action challenging that proclamation and the fee it imposes. ECF 1 (Oct. 16, 2025). In complaint, Plaintiff alleged that the "imposition of a new $100,000 fee to continue using that program is thus a concrete harm suffered by the numerous U.S. Chamber members who participate in the program" because "[s]ome members are unable to pay that fee and therefore must either reduce or entirely forgo their planned entries into the March 2026 lottery." *Id.* at 19. Of course, "it is 'well settled that economic loss does not, in and of itself, constitute irreparable harm,'" *Doe Co. v. Cordray*, 849 F. 3d 1129, 1134 (D.C. Cir. 2017), quoting *Wisconsin Gas Co. v. FERC*, 758 F.2d 669, 674 (D.C. Cir. 1985), and, moreover, refusal by any petitioner U.S. employer to pay a required fee to participate in the

H-1B program is self-inflicted harm. *See Safari Club Int'l v. Salazar*, 852 F. Supp. 2d 102, 123 (D.D.C. 2012). Perhaps unsurprisingly then, Plaintiff Chamber of Commerce did not file a preliminary injunction motion with its Complaint on October 16, 2025.

2.  All deadlines in the case were stayed pursuant to Standing Order 25-55.

3.  However, as the lapse in federal funding dragged on, Plaintiff Chamber of Commerce joined with Plaintiff Association of American Universities and filed an Amended Complaint on Friday, October 24, 2025, which was served on Defendants on Saturday October 25, 2025. Little changed between the two Complaints. *See* ECF 8-1 (redline). Among the new allegations, however, were the admission that AAU "[m]embers that are unable to pay the fee must forgo or significantly reduce their planned H-1B petitions—and thus lose access to specialized talent…" or choose to pay the fee and "incur a classic pocketbook injury." (citation omitted).  Plaintiff AAU also speculated that an apparent failure to hire such foreign workers rather than focusing on efforts to find U.S. workers "will have cascading effects," ECF 8 ¶ 27. But as the D.C. Circuit has held, speculative harm is not irreparable either. *Wisconsin Gas Co.*, 758 F.2d at 674. And it is necessarily speculative as their complaint is about *future* H-1B petitions the plaintiffs will purportedly file, not any currently-pending H-1B petitions that they claim are subject to the fee required by the Proclamation. *See* ECF 8 at ¶ 26. And more to the point, Plaintiffs do not explain why they cannot find any U.S. workers to fill the positions they will purportedly offer to foreign workers, or whether they have even tried to do so. *See Mott Thoroughbred Stables v. Rodriguez*, 87 F. Supp. 3d 237, 246 n.11 (D.D.C. 2015) (rejecting the argument that denial of an employer-sponsored immigration petition constituted irreparable harm because the "plaintiff has not explained why replacements for the [sponsored petitioner] cannot be found" and as such "the alleged irreparable harm is caused, at least in part, by the plaintiff's own inaction"). Plaintiffs' motion, while resting on declarations from universities or U.S. Chamber members, speculates about downstream effects of their decisions to refuse to pay the fee, including financial hardship, because allegedly, such

individuals provide services, obtain patents, and "produce well-documented gains for companies in terms of innovation and efficiency." *Id.* at 38, 41. The bottom line is that there is no concrete, non-economic, non-self-inflicted, *irreparable* harm in their motion seeking emergency relief.

4. In other words, Plaintiffs did not suffer from any immediate irreparable injury at the time President Trump issued the Proclamation, and they do not suffer from any immediate irreparable injury six weeks after the Proclamation issued. And, as the D.C. Circuit has held, lack of irreparable injury is sufficient basis to deny a preliminary injunction. *Chaplaincy of Full Gospel Churches v. England*, 454 F.3d 290, 297(D.C. Cir. 2006).

5. Further, the stay of proceedings ordered by Chief Judge Boasberg, applies to this case and is still in effect. *See* Standing Order 25-55. In what appears to be an effort to side step that Standing Order, Plaintiffs have now filed a combined Motion for Preliminary Injunction or in the Alternative Summary Judgment, ECF 18, because the Order stays summary judgment briefing but not preliminary injunction motions. Because there is no irreparable injury here, the Court should reject Plaintiffs' efforts to avoid the Standing Order.

6. Absent an appropriation, Department of Justice attorneys and employees of the Defendants are prohibited from working, even on a voluntary basis, except in very limited circumstances, including "emergencies involving the safety of human life or the protection of property." 31 U.S.C. § 1342. This case does not present such circumstances.

7. Undersigned counsel for the Department of Justice, who is herself furloughed, therefore requests a stay of all deadlines until Congress has restored appropriations to the Department, at which point the Defendants request that this Court can enter an orderly schedule for summary judgment in this case, rather than proceeding with a combined preliminary injunction/summary judgment motion as Plaintiffs propose.

8.  Counsel for the Government conferred with opposing counsel who stated that plaintiffs object to this motion and plan to file an opposition.

Therefore, although we greatly regret any disruption caused to the Court and the other litigants, the Government hereby moves for a stay of briefing on Plaintiffs Motion for a Preliminary Injunction or In the Alternative Summary Judgment (ECF 18) until Department of Justice attorneys are permitted to resume their usual civil litigation functions and this court enters a schedule for summary judgment briefing.

DATE: October 27, 2025

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General

GLENN M. GIRDHARRY
Acting Deputy Director

By: *s/ Alexandra McTague*
ALEXANDRA MCTAGUE
Senior Litigation Counsel
United States Department of Justice
Civil Division
Office of Immigration Litigation
General Litigation and Appeals
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
Tel: (202) 718-0483
Email: alexandra.mctague2@usdoj.gov