UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| CHAMBER OF COMMERCE OF THE UNITED STATES OF AMERICA, *et al.*<br><br>Plaintiffs,<br><br>v.<br><br>U.S. DEPARTMENT OF HOMELAND SECURITY, *et al.*,<br><br>Defendants. | No. 1:25-cv-3675-BAH |

**REPLY IN SUPPORT OF MOTION FOR A STAY OF BRIEFING
IN LIGHT OF LAPSE OF APPROPRIATIONS**

Defendants make the following points in reply to Plaintiffs' opposition to stay briefing on their combined preliminary injunction and summary judgment motion (ECF 23) and in support of the motion, and also in response to Plaintiffs' cross-motion for a briefing schedule (ECF 24).

1. Funding has lapsed and the undersigned attorney is furloughed. Plaintiffs themselves cite the Department of Justice contingency plans, which state work is not excepted unless a stay is denied by a court. *See* Pls.' Opp. ECF 23 at 11. Yet they seek a deadline for the government's brief of 13 days from the service of their motion, and 7 days from the Local Rule default date. But this is no ordinary preliminary injunction motion seeking emergency action from the Court because of some purported immediate, irreparable injury. Rather, Plaintiffs combined their request for preliminary relief with a request for a final judgment on the merits through summary judgment. The Memorandum they filed is a full 45 pages, with signatures on page 46. ECF 18-1. It includes a statement of material facts (ECF 18-2), 15 Declarations (ECF 4 - ECF 18), and an additional 28 exhibits (ECF 19-46), which all combined total over 600 pages of material. They challenge a Presidential Proclamation and the federal agencies charged with implementing it. And they expect the government to brief the merits of the entire case,

during a shutdown where many federal government attorneys are furloughed, on an expedited schedule. And more to the point, the next H-1B visa lottery for which Chamber of Commerce members can participate and attempt to win slots is not until March 2026, and as Plaintiffs acknowledge, cap-exempt employers can file petitions at any time. ECF 22 at 5. Plaintiffs are using the lapse in appropriations and the reality of furloughed government attorneys to sandbag the government and force Defendants into a quick response using skeletal staff on a detailed summary judgment motion on the merits of the entire case. There is no emergency and this alone is good cause to stay the briefing at this time.

2.     Plaintiffs emphasize the fact that Standing Order 25-55 does not stay briefing on preliminary injunction motions. *See* ECF 22 at 5. And that is the point of the government's motion. Plaintiffs want to circumvent the Standing Order with claims of irreparable harm in the form of a preliminary injunction motion, but those claims amount to either a U.S. employer's decision not to participate in a regulatory program or a pay a program fee— neither of which is irreparable. *See* Stay Mot., ECF 22 at ¶¶ 1, 3. And Plaintiffs' 11-plus page response provides only one sentence as to *why* they combined the motion, stating summary judgment is "only in the alternative" (ECF 23 at 10)— because there is no immediate, irreparable injury that requires expedited action from the Court. *See CityFed Fin. Corp. v. Office of Thrift Supervision*, 58 F.3d 738, 747 (D.C. Cir. 1995) (indicating that the court may deny a motion for injunctive relief if the movant fails to make a sufficient showing of irreparable injury, without considering the other factors).

3.     It is not clear how the government should proceed in addressing Plaintiffs' combined motion, as the summary judgment portion should be stayed pursuant to the Standing Order (and is thus not excepted work), but it is combined with the preliminary injunction motion which is not automatically stayed. Plaintiffs simply assume both should be addressed, and the reason is apparent: they want to avoid Standing Order 25-55, and that is the sole reason they filed the motion as a combined preliminary injunction and summary judgment motion.

4.      Even if there were no Standing Order preventing briefing on summary judgment motions during the lapse, summary judgment would be premature. At this point in time, because of the lapse in appropriations, the undersigned attorney has not been able to work with the appropriate agency counsel to determine whether and to what extent there may be an administrative record necessary for the Court to review and resolve this case. At the very least, the government needs additional time to make such a determination, and if there is a record, to review and compile it. *See* 5 U.S.C. § 706.  But with a lapse in appropriations and summary judgment stayed by Standing Order 25-55, the government cannot do so.

5.      The government agrees a briefing schedule is required at the appropriate time, but Plaintiffs' proposal is unreasonable and unworkable. To be clear, the government believes briefing should be stayed during the lapse. But if the court disagrees, then the government requests that the Plaintiffs request for summary judgment be denied at the outset so that the government need not respond to it. The government further requests that if the Court denies the stay motion, the Court sets a briefing schedule that sets the number of days for Defendants' response (*e.g.*, 30 days) starting from the Court's order denying the stay motion so that the government can work on a response during the time allotted to it. Finally, the government requests 30 days to respond to the preliminary injunction motion only, given the volume of Plaintiffs' briefing and exhibits, the complexity of the issues involved, and the reduced resources and skeletal staff that will be needed during the continued lapse in appropriations. The government previously proposed a 30-day response deadline to plaintiffs' counsel, who disagreed with that proposal.

DATE:  October 29, 2025                                   Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General

GLENN M. GIRDHARRY
Acting Deputy Director

By: *s/ Alexandra McTague*
ALEXANDRA MCTAGUE
Senior Litigation Counsel

3

United States Department of Justice  
Civil Division  
Office of Immigration Litigation  
General Litigation and Appeals  
P.O. Box 868, Ben Franklin Station  
Washington, DC 20044  
Tel: (202) 718-0483  
Email: alexandra.mctague2@usdoj.gov