UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

CHAMBER OF COMMERCE OF THE UNITED STATES OF AMERICA, et al.,
Plaintiffs,

v.

U.S. DEPARTMENT OF HOMELAND SECURITY, et al.,
Defendants.

Case No. 1:25-cv-3675-BAH

**MOTION TO INTERVENE AS OF RIGHT**
**(FED. R. CIV. P. 24(a)(2))**

Dr. Tamara Sanderfield ("Movant") respectfully moves to intervene as of right in the above-captioned matter pursuant to Federal Rule of Civil Procedure 24(a)(2). Movant seeks intervention to protect her substantial legal and equitable interests, which may be impaired by the disposition of this case without her participation.

Under Rule 24(a)(2), a court must permit intervention as of right where the applicant "claims an interest relating to the property or transaction that is the subject of the action," and is "so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest," unless existing parties adequately represent that interest.

Movant satisfies each requirement for intervention as of right. First, this motion is timely. Second, Movant possesses direct and substantial interests in the outcome of this litigation, as the final judgment may materially affect her professional, legal, and constitutional rights. Third, the disposition of this case in Movant's absence would impair her ability to protect those interests. Finally, no existing party adequately represents Movant's position or interests before this Court.

Movant respectfully requests an opportunity for oral argument on this motion, to clarify the nature and scope of her interests and to assist the Court in understanding the context of her request to intervene.

For the foregoing reasons, Movant respectfully requests that this Court grant her Motion to Intervene as of Right pursuant to Rule 24(a)(2), and permit her to participate fully in the proceedings of this action.

RECEIVED
Mailroom
NOV 13 2025
Angela D. Caesar, Clerk of Clerk
U.S. District Court District of Columbia

Respectfully submitted,

*[signature]*

Dr. Tamara Sanderfield
Pro Se Plaintiff-Intervenor
Date: 11/10/2025

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

CHAMBER OF COMMERCE OF THE UNITED STATES OF AMERICA, et al.,

Plaintiffs,

v.

U.S. DEPARTMENT OF HOMELAND SECURITY, et al.,

Defendants.

Case No. 1:25-cv-3675-BAH

MEMORANDUM OF LAW IN SUPPORT OF MOTION TO INTERVENE

BY PROPOSED INTERVENOR-DEFENDANT, DR. TAMARA SANDERFIELD, M.D., M.B.A.

## I. INTRODUCTION

Proposed Intervenor-Defendant Dr. Tamara Sanderfield respectfully submits this Memorandum of Law in Support of her Motion to Intervene pursuant to Federal Rule of Civil Procedure 24(a)(2) (Intervention of Right), or alternatively under Rule 24(b) (Permissive Intervention).

Dr. Sanderfield seeks intervention to protect her direct and substantial interests adversely affected by the outcome of this litigation, which challenges actions and regulations of the U.S. Department of Homeland Security (DHS) regarding the employment and admission of foreign professionals under the H-1B program. As a U.S. citizen and ECFMG-certified physician whose professional opportunities have been impacted by H-1B hiring practices, Dr. Sanderfield's interests are directly implicated by the resolution of this case.

## II. FACTUAL AND PROCEDURAL BACKGROUND

RECEIVED
Mailroom
NOV 13 2025
Angela D. Caesar, Clerk of Court
U.S. District Court, District of Columbia

Plaintiffs, including the Chamber of Commerce of the United States of America, initiated this action seeking declaratory and injunctive relief against DHS and related federal agencies, alleging that certain immigration and labor-related regulations or policies impose unlawful burdens on U.S. employers and foreign workers.

As a qualified U.S. citizen and physician, Dr. Sanderfield has experienced competitive injury through the same regulatory framework under challenge in this litigation. Her exclusion from certain post-graduate training opportunities, combined with the demonstrated hiring of H-1B physicians by some institutions, establishes a concrete interest sufficient to warrant intervention under Rule 24.

### III. LEGAL STANDARD

Under Rule 24(a)(2), a party is entitled to intervene as of right if: (1) the motion is timely; (2) the applicant claims an interest relating to the property or transaction that is the subject of the action; (3) disposition of the action may impair or impede the applicant's ability to protect that interest; and (4) the existing parties do not adequately represent that interest. See Fund for Animals, Inc. v. Norton, 322 F.3d 728, 731 (D.C. Cir. 2003). Alternatively, Rule 24(b) allows permissive intervention where an applicant's claim or defense shares common questions of law or fact with the main action.

### IV. ARGUMENT

A. The Motion is Timely.

This motion is being filed at an early stage in the litigation, prior to final adjudication on the merits. No party will be prejudiced by Dr. Sanderfield's intervention.

B. The Proposed Intervenor Has a Significant, Protectable Interest.

Dr. Sanderfield's professional and economic interests are directly affected by the regulatory policies under dispute. The H-1B fee and related regulations influence hiring practices within hospitals and residency programs that determine employment opportunities for U.S. physicians.

C. Disposition of This Case May Impair Her Ability to Protect Her Interests.

If Plaintiffs obtain the relief they seek, employers may have increased incentives to hire foreign physicians, which would exacerbate competition for positions otherwise available to U.S. citizens, and thus impair Dr. Sanderfield's ability to protect her employment interests.

D. The Existing Parties Do Not Adequately Represent Her Interests.

Neither Plaintiffs nor Defendants sufficiently represent the specific interests of displaced U.S. physicians. DHS's institutional defense of its regulation does not substitute for the unique perspective of an affected domestic physician.

E. Alternatively, Permissive Intervention Is Appropriate.

Even if intervention as of right is denied, permissive intervention under Rule 24(b) is warranted because Dr. Sanderfield's defense shares common legal and factual questions with those presented by the existing parties.

V. CONCLUSION

For the foregoing reasons, Proposed Intervenor-Defendant Dr. Tamara Sanderfield respectfully requests that this Court grant her Motion to Intervene as a Defendant in the above-captioned action and allow her to participate fully in all proceedings.

Respectfully submitted,

*/s/ Dr. Tamara Sanderfield*

DR. TAMARA SANDERFIELD, M.D., M.B.A., PRO SE

11000 W. McNichols Rd., Suite 323 - 1252

Detroit, MI 48221

Phone: (918) 480-3873

Email: drtamarasanderfield@wayne.edu

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

CHAMBER OF COMMERCE OF THE UNITED STATES OF AMERICA, et al.,
Plaintiffs,

v.

U.S. DEPARTMENT OF HOMELAND SECURITY, et al.,
Defendants.

Case No. 1:25-cv-3675-BAH

**CERTIFICATE OF SERVICE**

I, Dr. Tamara Sanderfield, hereby certify that on this ___ day of November 2025, I served true and correct copies of the following documents: 1. Motion to Intervene as of Right (Fed. R. Civ. P. 24(a)(2)); and 2. Memorandum of Law in Support of Motion to Intervene, by depositing same in the United States Mail, postage fully prepaid, properly addressed to counsel of record as follows:

**Counsel for Plaintiffs:**
Sarah Patricia Hogarth
Paul Whitfield Hughes
Grace Wallack
U.S. Chamber Litigation Center
1615 H Street NW
Washington, DC 20062

**Counsel for Defendants:**
Alexandra McTague
Senior Litigation Counsel
U.S. Department of Justice, Civil Division
Office of Immigration Litigation
P.O. Box 868, Ben Franklin Station
Washington, DC 20044

Respectfully submitted,

*/s/ Dr. Tamara Sanderfield/*

RECEIVED
Mailroom
NOV 13 2025
Angela D. Caesar, Clerk of Clerk
U.S. District Court District of Columbia

**Dr. Tamara Sanderfield, M.D., M.B.A.**
Pro Se Plaintiff-Intervenor
11000 W. McNichols Rd., Suite 323 - 1252
Detroit, MI 48221
Phone: (918) 480-3873
Email: drtamarasanderfield@wayne.edu
Date: 11/10/2025