IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| CHAMBER OF COMMERCE OF THE UNITED STATES OF AMERICA, *et al.*<br><br>  Plaintiffs,<br><br>  v.<br><br>U.S. DEPARTMENT OF HOMELAND SECURITY, *et al.*,<br><br>  Defendants. | No. 1:25-cv-3675-BAH |

## MOTION FOR RELIEF FROM LOCAL RULE 7(n)

Defendants hereby move for relief from the requirement under Local Civil Rule 7(n). The bases and reasons for this motion are more fully set forth in the supporting memorandum.

Respectfully submitted,

DREW C. ENSIGN
Deputy Assistant Attorney General

AUGUST FLENTJE
Special Counsel for Immigration

TIBERIUS DAVIS
Counsel to the Assistant Attorney General

GLENN M. GIRDHARRY
Acting Deputy Director

By: */s/ Alexandra McTague*
Alexandra McTague
Senior Litigation Counsel
United States Department of Justice
Civil Division
Office of Immigration Litigation
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
Tel: (202) 718-0483
Email: alexandra.mctague2@usdoj.gov
*Attorneys for Defendants*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CHAMBER OF COMMERCE OF THE UNITED STATES OF AMERICA, *et al.* ) ) ) ) Plaintiffs, ) ) v. ) ) U.S. DEPARTMENT OF HOMELAND SECURITY, *et al.*, ) ) ) Defendants. ) ) ) | No. 1:25-cv-3675-BAH |

**MEMORANDUM IN SUPPORT OF**
**MOTION FOR RELIEF FROM LOCAL RULE 7(n)**

Defendants respectfully request relief from Local Civil Rule 7(n) at this time because the pending motions can be resolved without the administrative record. Plaintiffs, who filed the first motion for summary judgment in this case without reference to the administrative record and asserting that there are no material facts in dispute, oppose this motion for relief.

**PROCEDURAL BACKGROUND**

Plaintiffs filed their motion for summary judgment on October 24, 2025, and Defendants are filing their opposition and cross-motion to Plaintiffs' motion herewith. Plaintiffs' Amended Complaint asserts two claims. Am. Compl., ECF 8. Count one alleges that the Presidential Proclamation is *ultra vires*, which is a non-statutory claim in equity. Am. Compl ¶¶ 190-196; *Am. Foreign Serv. Ass'n v. Trump,* No. 25-5184, 2025 WL 1742853, at *2 (D.C. Cir. June 20, 2025) (*ultra vires* claim is a "strictly limited" suit in equity). Count two alleges that the agencies' implementations of the Presidential Proclamation violate the Administrative Procedure Act ("APA"). Am. Compl. ¶¶ 197-206.

2

**APPLICABLE LAW**

Local Civil Rule 7(n) requires an agency to file an index of the Certified Administrative Record with the filing of any dispositive motion, any opposition to any dispositive motion, or within 30 days of answering the complaint. *See* L.R. 7(n)(1). The stated purpose of Local Rule 7(n) is "to assist the Court in cases involving a voluminous record (e.g., environmental impact statements) by providing the Court with copies of relevant portions of the record relied upon in any dispositive motion." Local Civ. R. 7(n) (comments).

**ARGUMENT**

The administrative record is not required to resolve the pending motions. Plaintiffs filed an early summary judgment motion on all claims, before Defendants even answered the Amended Complaint, asserting that there are no material questions of fact in dispute and that this Court can decide the case as a matter of law. *See* ECF 18-1 at 14 n.3 (citing summary judgment standard). Plaintiffs did not rely on the Administrative Record at all. *See generally*, ECF 18-1. Defendants now oppose that motion and cross-move for summary judgment, agreeing that there are no material issues of fact in dispute and that this court can decide the case as a matter of law, also without reference to any administrative record. Thus, the case presents purely legal issues, the consideration of which can be made without resort to the administrative record. The purpose of L.R. 7(n)—"to assist the Court in cases involving a voluminous record … by providing the Court with copies of relevant portions of the record relied upon in any dispositive motion"—is irrelevant to this case. Local Civ. R. 7(n) (comments).

Indeed, the questions presented to this court, including whether the Presidential Proclamation complies with the President's broad grant of authority under § 1182(f) and whether the agencies are merely implementing the President's orders, are threshold questions of law that

in no way depend upon the contents of the administrative record.[1] It is "the practice" of "courts in this jurisdiction" to "waive compliance with Local Civil Rule 7(n)" if "the Court need not consider the administrative record in evaluating the motions before it." *Connecticut v. United States DOI*, 344 F. Supp. 3d 279, 294 (D.D.C. 2018); *see also Mdewakanton Sioux Indians of Minn. v. Zinke¸* 264 F. Supp. 3d 116, 123 n.12 (D.D.C. 2017) ("the Court grants the motion [for relief from L.R. 7(n)] because the administrative record is not necessary for its decision here."); *Janay v. Blinken*, 743 F. Supp. 3d 96, 105 (D.D.C. 2024) ("the administrative record is unnecessary to decide the threshold legal questions presented by the pending motions to dismiss").

That rule carries particular force here because it is improper for a court to evaluate the President's findings in a proclamation pursuant to § 1182(f). *Trump v. Hawaii*, 585 U.S. 667, 708 (2018) (Section 1182(f) does not permit litigants to "challenge" a Presidential entry-suspension order "based on their perception of its effectiveness and wisdom"); *see also id.* at 684 (section 1182(f) "exudes deference" to the President); *Webster v. Doe,* 486 U.S. 592, 600 (1988) (similar provision foreclosed complaints that action "was not 'necessary or advisable in the interests of the United States'"). Consideration of an administrative record for such issues would only invite error.

It is also improper to evaluate the Presidents' actions under the APA, including the agency "implementation" which is little more than the agency's restatement of the Presidential directive, which is discretionary. *Tulare County v. Bush*, 185 F. Supp. 2d 18, 21 (D.D.C. 2001), *aff'd on other grounds,* 306 F.3d 1138, 1143 (D.C. Cir. 2002) ("Forest Service is merely carrying out directives of the President, and the APA does not apply to presidential action"); *see also*

---

[1] Though presented as an opposition to and cross motion for, summary judgment, such threshold legal defenses could also have been presented by way of a motion to dismiss, had the case proceeded along a more traditional track rather than the expedited track chosen by Plaintiffs.

*Ancient Coin Collectors Guild v. CBP,* 801 F.Supp. 2d 383, 403 (D. Md. 2011) (no APA review was available where agency was "acting on behalf of the President."). *See also Webster v. Doe,* 486 U.S. at 600 (APA review of action taken pursuant similar statutory language precluded by § 701(a)(2)). Indeed, such agency steps do not constitute final actions for the purposes of the APA, and no administrative record is required to determine that Plaintiffs' failed to state a cause of action. *Tulare County,* 185 F. Supp. 2d at 21; *Detroit Int'l Bridge Co. v. Canada*, 189 F. Supp. 3d 85, 100 (D.D.C. 2016). Furthermore, because there is no final agency action, there is no agency record to produce.

Because the administrative record is not required to resolve the motions, relief from Rule 7(n) at this time is appropriate. If, somehow, both motions are denied Defendants can then comply with 7(n) within a reasonable time thereafter.

Plaintiffs, of course, oppose this motion, just as they have opposed every request for relief made by Defendants to date. But their opposition here makes no sense. It was *Plaintiffs* who chose to file an early summary judgment motion without reliance on the administrative record, alleging there are no material issues in dispute. With no factual issues, there is no legitimate reason to burden the Defendants with production of an index to the administrative record at this time. *See Connecticut*, 344 F. Supp. 3d at 294; *Mdewakanton Sioux Indians of Minn.,* 264 F. Supp. 3d at 123 n.12; *Janay*, 743 F. Supp. 3d at 105. If Plaintiffs believe there *is* a material issue of fact in dispute, then they should not have wasted this court's time, and the Defendants' time, with an early summary judgment motion that must be denied. Either way, by opposing relief from Local Rule 7(n), Plaintiffs are wasting time and resources for no legitimate purpose. If this court requires production of the administrative record index for the pending motions, Plaintiffs' summary judgment motion should be denied outright and the case can

5

proceed along a typical track.

WHEREFORE, in light of the foregoing, Defendants respectfully request that they be excused from the requirement to file certified lists of the contents of the administrative records at this time, and that such a requirement only come into effect if the pending motions are denied.

Respectfully submitted,

DREW C. ENSIGN
Deputy Assistant Attorney General

AUGUST FLENTJE
Special Counsel for Immigration

TIBERIUS DAVIS
Counsel to the Assistant Attorney General

GLENN M. GIRDHARRY
Acting Deputy Director

By: */s/ Alexandra McTague*
Alexandra McTague
Senior Litigation Counsel
United States Department of Justice
Civil Division
Office of Immigration Litigation
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
Tel: (202) 718-0483
Email: alexandra.mctague2@usdoj.gov
*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on December 1, 2025, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will provide electronic notice and an electronic link to this document to all attorneys of record.

By: */s/ Alexandra McTague*
    Alexandra McTague
    Senior Litigation Counsel
    United States Department of Justice
    Civil Division