IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CHAMBER OF COMMERCE OF THE UNITED STATES OF AMERICA, *et al.* <br><br> Plaintiffs, <br><br> v. <br><br> U.S. DEPARTMENT OF HOMELAND SECURITY, *et al.*, <br><br> Defendants. | No. 1:25-cv-3675-BAH |

**DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO HOLD IN ABEYANCE AND REPLY IN SUPPORT OF THEIR MOTION FOR RELIEF FROM LCVR. 7(n)**

Plaintiffs want this Court to decide their motion for summary judgment—which they admit involves legal issues requiring no administrative record—while simultaneously asking this Court to hold in abeyance Defendants' cross-motion for summary judgment *on the same legal issues* because, allegedly, they need the administrative record to respond to that cross motion. Their position makes no sense. And had Plaintiffs bothered to comply with the meet and confer requirements of LCvR 7(m) prior to filing their motion for abeyance, Defendants would have told them as much. Their failure to comply with Rule 7(m) is a threshold reason their motion should be denied.

The relief Plaintiffs' seek is properly sought via Fed. R. Civ. P. 56(d), another fact Defendants would have explained had Plaintiffs bothered to meet and confer. That rule requires a declaration setting forth the specific issues of material fact requiring an administrative record. Plaintiffs did not do that, nor can they, because the issues presented by their facial challenge to the Proclamation are purely legal questions. The same is true for the agency guidance Plaintiffs

challenge—such guidance restates the Proclamation, is no different from Presidential action, and is not subject to review.

This Court routinely dispenses with the requirement for an administrative record when purely legal questions are at issue, and the D.C. Circuit has affirmed that approach. There is nothing unusual or nefarious about Defendants' request here. That it is made at summary judgment, rather than at the motion to dismiss phase, is a consequence of Plaintiffs' chosen strategy to file a summary judgment motion before Defendants' Answer was even due. If Plaintiffs were truly serious about wanting an expeditious decision in this case, they would welcome Defendants' cross-motion and the opportunity to resolve this case now.

As explained in more detail below, the administrative record is not required, relief from LCvR 7(n) is appropriate, and Plaintiffs' motion to hold Defendants' cross-motion for summary judgment in abeyance should be denied.

**ARGUMENT**

1. **Plaintiffs Failed to Comply with the Meet and Confer Requirement of LCvR 7(m) in their Cross-Motion to Hold Defendants' Summary Judgment Motion in Abeyance**

Noticeably absent from Plaintiffs' motion to hold in abeyance is any statement that counsel for Plaintiffs met and conferred with counsel for Defendants on the motion for abeyance—because they did not. In their rush to respond immediately (even though not required), Plaintiffs made no attempt to contact counsel for Defendants by phone or email, despite Local Civil Rule 7(m)'s requirement that counsel must do so on *all* non-dispositive motions. That alone is fatal to their motion. *See, e.g., 12 Percent Logistics, Inc. v. Unified Carrier Registration Plan Bd.*, 316 F. Supp. 3d 22, 24 (D.D.C. 2018) (rejecting excuse that an "emergent situation" necessitated filing the motion without an attempt to meet and confer); *Oceans v. United States DOI*, 1:24-cv-00141-RCL, 2024 WL 1885543 at * 3-4 (D.D.C. Apr. 30, 2024) (discussing rule and denying motion for failure

to confer). Had Plaintiffs contacted counsel for Defendants prior to filing their motion for abeyance, they may have better understood that cross-motions for summary judgment are common practice in these types of cases and that the appropriate way to address any alleged issues of material fact requiring additional information is through Fed. R. Civ. P. 56(d), not a motion to hold Defendants' cross-motion in abeyance. This is precisely why Local rule 7(m) exists. *See 12 Percent Logistics*, 316 F. Supp. 3d at 25. Plaintiffs' motion should be denied at the threshold on this basis alone.

   **2. The Issues Presented Are Questions of Law That Do Not Require an Administrative Record**

Defendants cross-motion for summary judgment responds to Plaintiffs' motion for summary judgment and also asks for summary judgment to be granted in Defendants' favor, without an administrative record, because the issues before the court are purely questions of law. *See* ECF 36. Plaintiffs agree that they can seek relief without the administrative record, "on certain, purely legal theories that do not require an administrative record." ECF 40 at 8. Yet they claim that Defendants' cross-motion, which addresses *the very same legal issues*, requires an administrative record. They cannot have it both ways. That is especially true here where *Plaintiffs* have expedited this case by simultaneously seeking a preliminary injunction and/or summary judgment prior to the answer because they believe the case can be resolved on the law. Both motions present issues of law that this Court can decide without an administrative record.

Courts in this district frequently dispense with the local rule requirement for administrative records when the issue to be decided is a question of law. *See Connecticut v. United States DOI*, 344 F. Supp. 3d 279, 294 (D.D.C. 2018); *Mdewakanton Sioux Indians of Minn. v. Zinke*¸ 264 F. Supp. 3d 116, 123 n.12 (D.D.C. 2017); *Janay v. Blinken*, 743 F. Supp. 3d 96, 105 (D.D.C. 2024). The D.C. Circuit has upheld that approach. *Am. Bankers Ass'n v. NCUA*, 271 F.3d 262, 266-67

(D.C. Cir. 2001). Other Circuits have as well. *See, e.g., Sierra Club v. United States Fish & Wildlife Serv.,* 245 F.3d 434, 440 n.37 (5th Cir. 2001) ("Although the administrative record for the regulation is not before this Court, that is of no moment. Our review is limited to interpreting the extent to which the regulation is consistent with the statute--a task which we are competent to perform without the administrative record."); *Dubey v. Dep't of Homeland Sec.,* 154 F.4th 534, 536 (7th Cir. 2025) (noting administrative decisions were not in record and affirming dismissal because, inter alia, there was no final agency action). Indeed, there is no reason to produce an administrative record when the issue is one of statutory construction because statutory construction is the province of the Court; an agency's interpretation is given no deference. *Loper Bright Enters. v. Raimondo*, 603 U.S. 369, 412 (2024).

Plaintiffs seek to spin their APA claim as a challenge to agency actions, information, and reasons. ECF 40 at 7-8. But in the context of this Proclamation, when the agency actions are merely carrying out the President's directive, there is no final agency action subject to review under the APA. Def. MSJ Opp. at 15-16. Indeed, Plaintiffs themselves admit that the APA claim is based upon the *ultra vires* claim. *See, e.g.,* ECF 40 at 3 ("[The complaint] It further alleges that agency action implementing the Proclamation violates the Administrative Procedure Act because any resulting action will be 'taken pursuant to directions from the President made in excess of his lawful authority'"). In other words, if the government is correct that the President's Proclamation is not *ultra vires*, then the agency's steps merely carrying it out are also lawful. And whether it was *ultra vires*—that is, whether it was "entirely in excess" of the President's delegated powers under §§ 1182(f) and 1185(a), and "contrary to a specific prohibition in a statute," *Nuclear Regul. Comm. v. Texas*, 145 S. Ct. 1762, 1776 (2025)—can be determined from the face of the Proclamation and the relevant statutes. *See Am. Bankers Ass'n*, 271 F.3d at 266 ("we agree with

4

y

the district court that the ABA's argument that the challenged provisions violate the FCUA can be resolved with nothing more than the statute and its legislative history.").

Plaintiffs also complain that "review of agency action should be done on the 'whole record' rather than on a curated factual accounting of the government's choosing." ECF 40 at 2 (citing 5 U.S.C. § 706). But as explained, an *ultra vires* claim requires no record, the agency guidance reiterating the Proclamation cannot be reviewed under the APA, the issues presented are purely legal, and at any rate, § 706 says the court shall review "the whole record or those parts cited by a party" and here, Plaintiffs moved for summary judgment without the record. And even if some questions for APA review would require an administrative record here (and they do not), several dispositive legal issues do not. For example, the court can readily decide whether (1) the proclamation is non-reviewable, (2) any agency action was committed to agency discretion, (3) the Proclamation satisfies the requirements of Sections 1182(f) and 1185(a), and (4) the Proclamation does not conflict with the INA. So even if a record were required and abeyance were appropriate for deciding whether there is final agency action (and it is not), that would not justify holding the entire cross motion in abeyance. Indeed, the cross motion and opposition to Plaintiffs' motion are premised on the exact same legal arguments. Plaintiffs cannot move for summary judgment without a record and then effectively hold Defendants' mirror opposition in abeyance because it is also a cross motion.

Plaintiffs claim there is agency action, or potential agency action, for which they need the record, relating to Secretary Noem's discretion to grant waivers, the State Department's guidance on visitor visas, and DHS's implementation of the Proclamation's requirement to restrict decisions on petitions not accompanied by a $100,000 payment. But the APA claim of the Amended Complaint does not challenge those particular steps. *See* ECF 8 ¶¶ 197-208. Plaintiffs cannot avoid

summary judgment now by asserting new claims. Furthermore, Secretary Noem's decision to grant waivers is discretionary, *see* 90 Fed. Reg. 46,027, 46,029 (Sept. 24, 2025), Plaintiffs do not identify or challenge any State Department guidance on visitor visas, and DHS's guidance merely implements the Proclamation by stating that petitions subject to the payment must be accompanied by proof that the payment was made. Moreover, discretionary actions are unreviewable as are decisions to admit or deny aliens. *See Norton v. S. Utah Wilderness All.,* 542 U.S. 55, 64 (2004); *Department of State v. Muñoz*, 144 S. Ct. 1812, 1820 (2024). These are not final agency actions requiring a record. Indeed, without a final agency action, there *is no record*.

Plaintiffs also argue that they have an arbitrary and capricious claim that requires a record. ECF 40 at 3. But their arbitrary and capricious claim, which they moved for summary judgment on, is that the agencies did not go through notice and comment rulemaking, which is a purely legal claim. ECF 8 ¶¶ 184, 20. They also argue that the find[ings]' related to the targeted class of noncitizens, as required under Section 212(f), and the Proclamation rests on arguments and data citations that are conclusory, manifestly inaccurate, and fail to consider important aspects of the problem." *Id.* ¶ 205. But that is a facial challenge to the Proclamation itself and the President's reasoning, which cannot be brought under the APA. *See Franklin v. Massachusetts*, 505 U.S. 788, 801 (1992). The agencies were not the ones that reviewed the evidence and drafted the Proclamation. Indeed, Plaintiffs moved for summary judgment on this claim because it is a purely legal question; one cannot look behind the President's proclamation and question his findings or conclusions. *See Trump v. Hawaii*, 585 U.S. 667, 703, 708 (2018). Moreover, the presidential communication privilege protects production of information about the President's findings, deliberations, or conclusions. *See Judicial Watch, Inc. v. United States DOD*, 913 F.3d 1106, 1110

(2019). Even so, those limited claims would not justify total abeyance. Partial summary judgment on all other claims could still be entered for Defendants.

Finally, Plaintiffs assert that due process requires production of the administrative record. ECF 40 at 6-7. But there is no final agency action here in which rights were adjudicated in the traditional back and forth between agency and petitioner. Plaintiffs have not alleged that a single petitioner has had an H-1B petition denied for failure to submit the $100,000 payment. The cases cited by Plaintiffs in support of this procedural due process argument (which is merely coextensive with their APA claim) simply do not apply here because this is a facial challenge to the Proclamation, not an as-applied challenge in a specific adjudication. In any event, if due process required an administrative record Plaintiffs should have considered that before moving for summary judgment on an expedited schedule. Plaintiffs chose this expedited posture without any mention of an administrative record until Defendants sought relief from the Local Rule. Plaintiffs seem to think they can manufacture a scenario where it is summary judgment for me but not for thee. That is not how litigation works.

The pending summary judgment motions present questions of law regarding whether the Proclamation entirely exceeded the authority granted to the President by Congress in §§ 1182(f) and 1185(a), and whether the Proclamation is contrary to a "specific prohibition" in a statute. Those questions implicate the Proclamation and the statutes. No administrative record is required.

3. **Rule 56(d) is the Appropriate Mechanism for Plaintiffs to Seek Information if they Believe there are Disputed Issues of Material Fact**

Plaintiffs seek to have this Court delay consideration of Defendants' cross motion for summary judgment and order production of an administrative record, based on attorney argument in an opposition to a motion concerning a Local Rule. *See generally* ECF 40. But the relief they seek is relief that is properly sought pursuant to Rule 56(d). *See* Fed. R. Civ. P. 56(d)(1); (d)(2).

7

To obtain Rule 56(d) relief, Plaintiffs must make specific showings through declarations or affidavits. Fed. R. Civ. P. 56(d); *Haynes v. D.C. Water & Sewer Auth.*, 924 F.3d 519, 530 (D.C. Cir. 2019). Plaintiffs have not made those showings here. This Court should reject Plaintiffs' attempt to avoid the stringent requirements of Rule 56(d).

Fed. R. Civ. P. 56(d) provides a mechanism for a nonmoving party to show "by affidavit or declaration" that it cannot "present facts essential to justify its opposition." Fed. R. Civ. P. 56(d). In such a situation, the court may "defer considering the motion or deny it," "allow time to obtain [the information]," or "issue any other appropriate order." *Id.* The requirements for an affidavit or declaration under Rule 56(d) are specific. It must "(1) 'outline the particular facts [the nonmovant] intends to discover and describe why those facts are necessary to the litigation;' (2) 'explain why [the nonmovant] could not produce [the facts] in opposition to the motion [for summary judgment];' and (3) 'show the information is in fact discoverable.'" *Haynes*, 924 F.3d at 530, quoting *Convertino v. U.S. Department of Justice*, 684 F.3d 93, 99-100 (D.C. Cir. 2012). A failure to meet the first *Convertino* factor is sufficient to deny the Rule 56(d) request. *Id.* at 530-31.

To meet the first factor, the party invoking Rule 56(d) must submit a declaration or affidavit that explains the facts needed and why they are *necessary* to the litigation. *Id.* at 531. A declaration that fails to explain why the facts are "necessary to respond to the motion or to support the allegations in the complaint" fails the *Convertino* test. *Id.* The sufficiency of any such explanation must be considered "in light of….[the party's] theory of the case." *Id.* An insufficient explanation can result in denial of the Rule 56(d) request and the grant of summary judgment. *See Smith v. United States*, 843 F.3d 509, 513 (D.C. Cir. 2016) (affirming district court denial of Rule 56(d) request and granting summary judgment). Furthermore, merely stating evidence is needed, without explaining why it could change the outcome, does not satisfy the Rule 56(d) standard. *Id.*

("Smith does not specify how, on this record with its undisputed facts showing probable cause, discovery regarding the officers' state of mind could create a material factual dispute."); *see also* Fed. R. Civ. P. 56(a) ("The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (a fact is material if it "might affect the outcome of the suit under the governing law" and a dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party").

Here, Plaintiffs did not submit a declaration or affidavit as required by Rule 56(d). But even if they had, such a declaration or affidavit would have to explain why an administrative record is necessary in view of both the law and their legal theory of the case. That they cannot do. Plaintiffs' legal theory, in its motion for summary judgment, is that the Proclamation is, on its face, *ultra vires* and in violation of the APA. Defendants' opposition and cross-motion explains, *inter alia*, that the Proclamation is not reviewable at all, the underlying facts found by the President are certainly not reviewable, *Trump v. Hawaii*, 585 U.S. 667, 708 (2018). Nonetheless, in their motion for abeyance, Plaintiffs seek exactly those unreviewable facts. ECF 40 at 3-4 (quoting complaint as complaining the Proclamation rests on conclusory data and citations). Because this Court cannot consider those facts, those facts cannot be a basis under Rule 56(d) to create a material issue of fact to deny summary judgment. *Cf. Bortell v. Eli Lilly & Co.,* 406 F. Supp. 2d 1, 11 (D.D.C. 2005) ("it is well-settled that only admissible evidence may be considered by the trial court in ruling on a motion for summary judgment.") (citations omitted). And because the agency memoranda and guidance merely implement what the Proclamation requires, and Plaintiffs' APA claim is based on its *ultra vires* claim, there is also no way for Plaintiffs to identify a material issue of fact as to the agencies.

### 4. Plaintiffs' Remaining Arguments are Unpersuasive

Plaintiffs include a litany of other passing arguments in their opposition to Defendants' motion for relief from Rule 7(n), but none are persuasive reasons to require Defendants to produce an administrative record prior to a decision on the legal issues presented.

Plaintiffs complain that allowing Defendants to file a reply in support of their summary judgment motion will "significantly extend briefing beyond the period ordered by the Court." ECF 40 at 4. The reply is due seven days after Plaintiffs' Opposition. LCvR 7(d). One week is by no means a "significant" extension of the briefing schedule, particularly when the next H-1B lottery is not until March with petitions for selected registrations are due thereafter, and Plaintiffs have not shown any particular urgency to filing cap exempt petitions immediately. In any event, Defendants do not lose their right to cross move merely because Plaintiffs would prefer to move faster.

Plaintiffs complain that Defendants did not inform them of their intent to cross-move for summary judgment until early in the morning on December 1. ECF 40 at 4. Defendants had no obligation to meet and confer with Plaintiffs before filing a dispositive motion, just as Plaintiffs did not meet and confer with Defendants before filing their motion for summary judgment. *See* LCvR 7(m) (setting forth duty to confer on *non-dispositive* motions). Moreover, cross-motions are common in cases such as this and should be expected.

Plaintiffs complain Defendants have no "urgent need to request a dispositive judgment in its favor." ECF 40 at 5. Yet, Plaintiffs, in filing their motion, stated that a summary judgment motion can be as early as a party wishes; urgency is not the standard ECF 18-1 at 14 n.3. Furthermore, the cross-motion for summary judgment on the legal issues presented is the most efficient way to dispose of this case. Indeed, the Federal Rules counsel that "[t]hey should be

construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. This case presents purely legal issues that can be disposed of quickly and inexpensively on cross-motions for summary judgment. And again, this case is moving fast because *Plaintiffs* demanded it. Defendants should not have to forfeit their ability to cross move as a result, which is generally more efficient since the same dispositive legal questions are at issue. This should not require another round of briefing just so Plaintiffs get a second bite at the apple.

Plaintiffs complain that the government is trying to "slow this matter further" but it is the *Plaintiffs* who seek an abeyance and wish to delay a determination of the legal issues before the court, should those legal issues go against the Plaintiffs. Defendants seek a just, speedy, and inexpensive resolution through a cross-motion for summary judgment on the legal issues presented. Plaintiffs complain that Defendants neglect the "urgency of the relief plaintiffs require" ECF 40 at 6, but it is Plaintiffs who waited nearly a month before filing their lawsuit, and who waited another two weeks before filing their motion. Thus, Plaintiffs wasted *six weeks* despite their alleged "urgency." Moreover, as the government has explained, (1) the next H-1B lottery is not until March 2026 and (2) the alleged injury Plaintiffs will suffer is payment of $100,000, a purely economic injury which no plaintiff has alleged is so severe that they will go out of business. Def. MSJ Opp and X-MSJ, ECF 37 at 42-43. Thus, Plaintiffs allege urgency and seek injunctive relief without meeting all of the required injunction factors. *See id.*

Finally, Plaintiffs complain that Defendants included exhibits and declarations with their motion, which is "at odds" with its motion for relief from LCvR 7(n). ECF 40 at 8. The exhibits consist of a public State Department webpage and public webpages to rebut statements in a declaration submitted by Plaintiffs. *See* ECF 36-3, McTague Decl. Ex. 1-3. Such exhibits are

entirely consistent with the request for relief from LCvR 7(n) because one completes the State Department's statements about the Proclamation and the others relate to an evidentiary challenge to Plaintiffs' evidence to show the declaration is unreliable. Plaintiffs also complain about the Jackson declaration (ECF 36-2) which explains how the Treasury receives the $100,000 payment. Plaintiffs claim the short declaration provides "intricate factual points" that they are "entitled" to rebut with information in the administrative record. This point fails for numerous reasons. First, there is no indication that anything in the declaration, which conforms with 28 U.S.C. § 1746, is false, such that other information might "rebut" it. Second, Defendants rely on the declaration in connection with the *ultra vires* claim and the issue of whether the Proclamation conflicts with statute. Third, Plaintiffs have not shown how the Jackson declaration creates an issue of material fact necessitating a record from other agencies. Plaintiffs are merely grasping at straws to avoid a grant of summary judgment against them.

*   *   *

Ultimately, what is before the Court on the parties' cross-motions for summary judgment are purely legal questions regarding the scope of the Presidents' authority under 8 U.S.C. §1182(f) and 1185(a), and whether the Proclamation is consistent with that authority. If the answer is yes, the Proclamation is a lawful exercise of the Presidents' authority and Plaintiffs' APA claim necessarily fails as well. Plaintiffs admit the issues in their summary judgment motion are legal ones, they have not identified any issues of material fact requiring an administrative record at this time, and they have not complied with the requirements of Rule 56(d) (not to mention the meet and confer requirement). Thus, this Court should decide the summary judgment motions before it, which present legal questions that can be determined from the statutes, the Proclamation itself, and the agency guidance echoing the Proclamation, and should do so without the administrative record,

which is entirely unnecessary for these threshold legal questions and will only create burden and delay.

## CONCLUSION

WHEREFORE, Defendants request that this Court grant their motion for relief from LCvR 7(n), and deny Plaintiffs' cross-motion to require production of the administrative record and hold Defendants' cross-motion for summary judgment in abeyance.

Respectfully submitted,

DREW C. ENSIGN
Deputy Assistant Attorney General

AUGUST FLENTJE
Special Counsel for Immigration

TIBERIUS DAVIS
Counsel to the Assistant Attorney General

GLENN M. GIRDHARRY
Acting Deputy Director

By: */s/ Alexandra McTague*

Alexandra McTague
Senior Litigation Counsel
United States Department of Justice
Civil Division
Office of Immigration Litigation
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
Tel: (202) 718-0483
Email: alexandra.mctague2@usdoj.gov
*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on December 4, 2025, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will provide electronic notice and an

electronic link to this document to all attorneys of record.

                        By: */s/ Alexandra McTague*

                                Alexandra McTague
                                Senior Litigation Counsel
                                United States Department of Justice
                                Civil Division