**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| CHAMBER OF COMMERCE OF THE UNITED STATES OF AMERICA <br><br> and <br><br> ASSOCIATION OF AMERICAN UNIVERSITIES, <br><br>                  Plaintiffs, <br><br> v. <br><br> UNITED STATES DEPARTMENT OF HOMELAND SECURITY et al., <br><br>                  Defendants. | Case No. 1:25-cv-03675-BAH |

**PLAINTIFFS' RESPONSE TO DEFENDANTS' STATEMENT OF**
**UNDISPUTED MATERIAL FACTS**

Pursuant to Local Civil Rule 7(h)(1), Plaintiffs hereby submit this response to Defendants' statement of material facts, ECF No. 36-1.

**GENERAL OBJECTIONS**

Plaintiffs object to Defendants' Statement of Undisputed Material Facts to the extent that it relies upon declarations of government officials or documents not included in the administrative record, for the reasons explained in Plaintiffs' Response to Defendants' Motion for Relief from Local Rule 7(n) (ECF No. 39 at 6-11), which this Court denied (Minute Order of Dec. 4, 2025).

Plaintiffs also object that legal conclusions or arguments and purported facts that are not material are not properly included in a statement of undisputed material facts. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-248 (1986) ("Only disputes over facts that might affect the

outcome of the suit under the governing law will properly preclude entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted.").

## RESPONSES AND OBJECTIONS

### I.    Responses and Objections to Defendants' Statement of Undisputed Material Facts

1.    Proclamation 10973, *Restriction on Entry of Certain Nonimmigrant Workers*, 90 Fed. Reg 46027 (Sept. 24, 2025) (hereinafter the "Proclamation") was made pursuant to the authority granted to the President by Congress in 8 U.S.C. § 1182(f) and 8 U.S.C. § 1185(a). *See* Plaintiffs' Exhibit 1 (ECF 18-19).

**Plaintiffs' Response**: Undisputed that Proclamation 10973 was announced on September 19, 2025, and entered into the Federal Register on September 24, 2025, and that it purported to rely on 8 U.S.C. §§ 1182(f) and 1185(a). Plaintiffs object that the remainder of this statement constitutes a legal conclusion about whether the Proclamation was made under authority conferred on the President by Congress, rather than an assertion of fact. As such, it is not properly included in the government's statement of undisputed material facts, and no response is required.

2.    The Proclamation contains the President's findings as to why unrestricted entry into the United States of certain foreign workers would be detrimental to the interests of the United States.

**Plaintiffs' Response**: Undisputed that the Proclamation purports to contain the findings made by the President in support of the Proclamation. As to the remainder of the statement, Defendants' summary and characterization of the Proclamation is not a material fact, and as such is not properly included in the government's statement of undisputed material facts, and no response is required. Plaintiffs refer the Court to the text of the Proclamation, which speaks for itself.

3.    The President's findings in the Proclamation include that abuse of the H-1B nonimmigrant worker program has led to "[t]he large-scale replacement of American workers",

"suppress[ed] wages" and "a disadvantageous labor market for American citizens" which "has undermined both our economic and national security." 90 Fed. Reg. at 46027.

**Plaintiffs' Response**: Undisputed that the quotations from the Proclamation are accurate. Disputed as to the content of the President's purported findings, for which the Defendants cite no evidence in support.

4.    The President's findings include that employing H-1B workers in entry-level positions at discounted rates undercuts American worker wages and opportunities, and is antithetical to the purpose of the H-1B program, which is "to fill jobs for which highly skilled and educated American workers are unavailable." 90 Fed. Reg. at 46027.

**Plaintiffs' Response**: Undisputed that the quotation from the Proclamation is accurate. Disputed as to the content of the President's purported findings, for which the Defendants cite no evidence in support. In addition, the purpose of the H1-B program is a legal conclusion to which no response is required.  Plaintiffs refer the Court to the text of the Proclamation, which speaks for itself.

5.    The President's findings include that H-1B program abuses are a national security threat because they reduce American wages and "discourage[e] Americans from pursuing careers in science and technology, [thereby] risking American leadership in these fields." 90 Fed. Reg. at 46027.

**Plaintiffs' Response**: Undisputed that the quotation from the Proclamation is accurate. Disputed as to the content of the President's purported findings, for which the Defendants cite no evidence in support. Plaintiffs refer the Court to the text of the Proclamation, which speaks for itself.

6.    The President's findings include that "[t]he severe harms that the large-scale abuse of this program has inflicted on our economic and national security demands an immediate

response" and that "unrestricted entry into the United States of certain foreign workers … would be detrimental to the interests of the United States because such entry would harm American workers, including by undercutting their wages." 90 Fed. Reg. at 46027.

**Plaintiffs' Response**: Undisputed that the quotation from the Proclamation is accurate. Disputed as to the content of the President's purported findings, for which the Defendants cite no evidence in support. Plaintiffs refer the Court to the text of the Proclamation, which speaks for itself.

7.    The President's findings include that it is "therefore necessary to impose higher costs on companies seeking to use the H–1B program in order to address the abuse of that program while still permitting companies to hire the best of the best temporary foreign workers." 90 Fed. Reg. at 46027.

**Plaintiffs' Response**: Undisputed that the quotation from the Proclamation is accurate. Disputed as to the content of the President's purported findings, for which the Defendants cite no evidence in support. Plaintiffs refer the Court to the text of the Proclamation, which speaks for itself.

8.    The Proclamation placed entry restrictions on foreign nationals outside of the United States seeking H-1B visas by way of new petitions filed after the effective date of the Proclamation. Plaintiffs' Ex. 1; *see also* Plaintiffs' Ex. 2.

**Plaintiffs' Response**: Plaintiffs dispute that the Proclamation placed an "entry restriction[]" on foreign nationals seeking H-1B visas, which is a legal conclusion rather than an assertion of fact. As such, it is not properly included in the government's statement of undisputed material facts, and no response is required. Plaintiffs do not dispute that the Proclamation applies to new petitions filed after the Proclamation's effective date, with the caveat that petitions requesting a change of status or amendment or extension of stay are not considered "new petitions." *See* Dkt. No. 45-3 at 7. Plaintiffs refer the Court to the text of the Proclamation, which speaks for itself.

9.      The entry restriction requires a $100,000 payment. Plaintiffs' Ex. 1; *see also* Plaintiffs' Ex. 2.

**Plaintiffs' Response**: Plaintiffs dispute that the Proclamation placed an "entry restriction" on foreign nationals seeking H-1B visas, which is a legal conclusion rather than an assertion of undisputed material fact. As such, it is not properly included in the government's statement of undisputed material facts, and no response is required. Plaintiffs do not dispute that the Proclamation requires a $100,000 payment. Plaintiffs refer the Court to the text of the Proclamation, which speaks for itself.

10.     U.S. Citizenship and Immigration Services (USCIS) has stated that proof payment of the $100,000 payment required by the Proclamation must be submitted with any new H-1B petition filed after the effective date of the Proclamation. Plaintiffs' Ex. 5.

**Plaintiffs' Response:** Undisputed, with the caveat that a petition requesting a change of status or amendment or extension of stay is not a "new petition." *See* Dkt. No. 45-3 at 7.

11.     No H-1B visas have been revoked as a result of the Proclamation. McTague Decl. Ex. 1.

**Plaintiffs' Response**: Plaintiffs dispute that this fact is material. Plaintiffs do not dispute that Exhibit 1 to the McTague Declaration states that "[n]o visas have been revoked pursuant to the Proclamation." Plaintiffs additionally object to this statement's reliance on sources outside the administrative record. Subject to those qualifications, Plaintiffs have no independent knowledge of this fact but have no basis at this time to dispute it.

12.     The Proclamation does not apply to aliens holding H-1B visas prior to the date of the proclamation. Plaintiffs' Exs. 1, 2, 3.

**Plaintiffs' Response**: Plaintiffs object that this is a legal conclusion, not a statement of fact, and as such it is not properly included in the government's statement of undisputed material facts, and no response is required. To the extent it could be viewed as a statement of fact, it is

undisputed that the government has represented that the Proclamation does not apply to such persons.

13.    The Proclamation does not apply to aliens holding visas other than H-1B visas. Plaintiffs' Ex. 1.

**Plaintiffs' Response**: Plaintiffs object that this is a legal conclusion, not a statement of fact, and as such it is not properly included in this statement of undisputed material facts, and no response is required. To the extent it could be viewed as a statement of fact, it is undisputed.

14.    The Proclamation does not apply to aliens within the United States. Plaintiffs' Exs. 1, 2, 3.

**Plaintiffs' Response**: Plaintiffs object that this is a legal conclusion, not a statement of fact, and as such it is not properly included in the government's statement of undisputed material facts, and no response is required. To the extent it could be viewed as a statement of fact, it is disputed. The cited documents do not support this statement. Plaintiffs do not dispute that the Proclamation states that it "shall apply only to aliens who enter or attempt to enter the United States after the effective date" of the Proclamation.

In Plaintiffs' Ex. 5, USCIS states that

> The Proclamation applies to new H-1B petitions filed at or after 12:01 a.m. eastern daylight time on September 21, 2025, on behalf of beneficiaries who are outside the United States and do not have a valid H-1B visa. The Proclamation also applies if a petition filed at or after 12:01 a.m. eastern daylight time on September 21, 2025, requests consular notification, port of entry notification, or pre-flight inspection for an alien in the United States.

This statement suggests that the Proclamation does not apply only if (a) a noncitizen is inside the United States *and* (b) does not need to leave the United States in order to obtain the H-1B visa, such as through the consular notification process.

15.    The Proclamation has a term of one year. Plaintiffs' Ex. 1.

**Plaintiffs' Response**: Undisputed, with the caveat that the Proclamation provides that it may be extended. *See* Plaintiffs' Ex. 1 at 3.

16.    The USCIS Memorandum (Plaintiffs' Ex. 2) merely paraphrases and carries out the directives of the President as set forth in the Proclamation. *See* Plaintiffs' Ex. 1, 2.

**Plaintiffs' Response**: Defendants' characterization of the contents of the USCIS Memorandum is not a statement of fact. As such, it is not properly included in the government's statement of undisputed material facts, and no response is required. To the extent it could be viewed as a statement of fact, it is disputed.

17.    The U.S. Customs and Border Protection Memorandum (Plaintiffs' Ex. 3) merely paraphrases and carries out the directives of the President as set forth in the Proclamation. *See* Plaintiffs' Ex. 1, 3.

**Plaintiffs' Response**: Defendants' characterization of the contents of the USCBP Memorandum is not a statement of fact. As such, it is not properly included in the government's statement of undisputed material facts, and no response is required. To the extent it could be viewed as a statement of fact, it is disputed.

18.    The State Department website guidance found in McTague Decl. Ex. 1 merely paraphrases and carries out the directives of the President as set forth in the Proclamation. *See* McTague Decl. Ex 1, Plaintiffs' Ex. 1.

**Plaintiffs' Response**: Defendants' characterization of the contents of the State Department Guidance is not a statement of fact. As such, it is not properly included in the government's statement of undisputed material facts, and no response is required. To the extent it could be viewed as a statement of fact, it is disputed.

19.    The State Department FAQs merely paraphrase and carry out the directives of the President as set forth in the Proclamation. *See* Plaintiffs' Ex. 1, 4.

**Plaintiffs' Response**: Defendants' characterization of the contents of the State Department FAQs is not a statement of fact. As such, it is not properly included in the government's statement of undisputed material facts, and no response is required. To the extent it could be viewed as a statement of fact, it is disputed.

20.    The USCIS website section entitled "H-1B Specialty Occupations" (Plaintiffs' Ex 5) merely paraphrases and carries out the directives of the President as set forth in the Proclamation. *See* Plaintiffs' Ex. 1, 5.

**Plaintiffs' Response**: Defendants' characterization of the contents of the USCIS website is not a statement of fact. As such, it is not properly included in the government's statement of undisputed material facts, and no response is required. To the extent it could be viewed as a statement of fact, it is disputed.

21.    In the Immigration and Nationality Act (INA), Congress identified different classes of nonimmigrants, each of which is entitled to a different visa. 8 U.S.C. § 1101(a)(15).

**Plaintiffs' Response**: Undisputed that the INA identifies different nonimmigrant categories. To the extent Defendants suggest that each visa category is a "class" within the meaning of Section 212(f) (8 U.S.C. § 1182(f)), that is both a legal conclusion and disputed.

22.    In the INA, Congress identified the class of nonimmigrants commonly referred to as H-1B. 8 U.S.C. § 1101(a)(15)(H)(i)(b).

**Plaintiffs' Response**: Undisputed that the INA identifies the H-1B nonimmigrant category. To the extent Defendants suggest that the H-1B visa category is a "class" within the meaning of Section 212(f) (8 U.S.C. § 1182(f)), that is both a legal conclusion and disputed.

23.    The Proclamation payment applies to the class of H-1B nonimmigrants whose petitions were filed after the effective date of the Proclamation. *See* Plaintiffs' Ex. 1, Ex. 2, Ex. 5.

**Plaintiffs' Response**: Undisputed that the Proclamation applies to H-1B petitions and applies after its effective date. To the extent Defendants suggest that the Proclamation applies to a

"class" within the meaning of Section 212(f) (8 U.S.C. § 1182(f)), that is both a legal conclusion and, to the extent it could be viewed as a statement of fact, disputed.

24.    HJI Supply Chain Solutions, the company identified in Plaintiffs' ECF filing 18-5, did not, as of December 1, 2025, have a job opening for an Integrations Engineer. McTague Decl. Exs. 2, 3.

25.    **Plaintiffs' Response**: Plaintiffs do not dispute that Exhibits 2 and 3 of the McTague Declaration are accurate screenshots, and that as of today's date, HJI does not have a job opening for an Integrations Engineer. As described in Mr. Daniels's supplemental declaration, HJI ultimately hired an entry-level, domestic employee to fill the role, despite that person not meeting the stated qualifications for the position. Daniels Supp. Decl. ¶ 3. As a result, "HJI is currently diverting resources to on-the-job training for this individual, which would not have been necessary if HJI had been able to hire a candidate with the appropriate qualifications" through the H1-B program. *Id.*

26.    The $100,000 payment required by the Proclamation is not on the USCIS fee schedule for H-1B petition fees. *See* Plaintiffs' Ex. 6.

**Plaintiffs' Response**: Undisputed.

27.    The $100,000 payment required by the Proclamation is paid into a Treasury General Fund Receipt Account (GFRA) for the Department of Homeland Security. Monies deposited into the GFRA remain in the GFRA until the end of each fiscal year and then are swept into the General Fund of the Treasury. *See* Jackson Declaration ¶¶ 4-7.

**Plaintiffs' Response**: Plaintiffs object to this statement's reliance on sources outside the administrative record. Plaintiffs also dispute the statement to the extent it suggests that $100,000 payments have in fact been paid into a Treasury General Fund Receipt Account; the Jackson Declaration states only, as relevant, that the Budget Reporting Branch "established a GFRA for amounts collected pursuant to the Proclamation," and that "the amounts in this GFRA will sweep

to the General Fund of the U.S. Treasury at the end of the fiscal year." Subject to those objections,

Plaintiffs do not dispute that this statement otherwise accurately reflects the contents of the Jackson

Declaration, which Plaintiffs have no basis to dispute at this time.

Respectfully submitted,

/s/ *Lindsay C. Harrison*
Adam G. Unikowsky (Bar No. 989053)
Elizabeth Henthorne (Bar No. 1562688)
Ishan K. Bhabha (Bar No. 1015673)
Lindsay C. Harrison (Bar No. 977407)
Zachary C. Schauf (Bar No. 1021638)
JENNER & BLOCK LLP
1099 New York Avenue NW
Suite 900
Washington, DC 20001-4412
T: +1 202 637 6000
F: +1 202 639 6066
lharrison@jenner.com

*Attorneys for Plaintiff Association of American Universities*

/s/ *Paul W. Hughes*
Paul W. Hughes (Bar No. 997235)
Sarah P. Hogarth (Bar No. 1033884)
Mary H. Schnoor (Bar No. 1740370)
Grace Wallack (Bar No. 1719385)
Alex Boota (Bar No. 90001014)
Emmett Witkovsky-Eldred (Bar No. 90012725)
MCDERMOTT WILL & SCHULTE LLP
500 North Capitol Street NW
Washington, DC 20001
(202) 756-8000
phughes@mwe.com

Daryl L. Joseffer (Bar No. 457185)
U.S. CHAMBER LITIGATION CENTER
1615 H Street NW
Washington, DC 20062
(202) 463-5337
djoseffer@uschamber.com

*Attorneys for Plaintiff Chamber of Commerce of the United States of America*