IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

CHAMBER OF COMMERCE OF THE
UNITED STATES OF AMERICA, *et al.*,

    *Plaintiffs*,

v.

UNITED STATES DEPARTMENT OF
HOMELAND SECURITY, *et al.*,

    *Defendants*.

Case No. 1:25-cv-3675

**DEFENDANTS' MOTION TO DISMISS THE COMPLAINT**

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendants hereby move to dismiss the Amended Complaint, in its entirety, for failure to state a claim upon which relief can be granted. The basis and reasons for this motion are more fully set forth in the attached memorandum and in Defendants' briefing on summary judgment in this matter, ECF 37 through 37-4, which is incorporated into the attached memorandum by reference.

Respectfully submitted,

**Drew C. Ensign**
Deputy Assistant Attorney General
Office of Immigration Litigation

**August Flentje**
Special Counsel for Immigration

**Tiberius Davis**
Counsel to the Assistant Attorney General

**Glenn Girdharry**
Acting Deputy Director

By: */s/ Alexandra McTague*
**Alexandra McTague**
Senior Litigation Counsel
U.S. Department of Justice, Civil Division
Office of Immigration Litigation
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
(202) 718-0483
Alexandra.mctague2@usdoj.gov
*Counsel for Defendants*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

CHAMBER OF COMMERCE OF THE
UNITED STATES OF AMERICA, *et al.*,

    *Plaintiffs*,

    v.

UNITED STATES DEPARTMENT OF
HOMELAND SECURITY, *et al.*,

    *Defendants*.

Case No. 1:25-cv-3675

### MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS

### INTRODUCTION

For decades companies have exploited the H-1B nonimmigrant worker visa program by importing lower-paid, lower-skilled alien workers—thereby artificially depressing wages and employment opportunities for skilled U.S. citizens. Responding to this pervasive abuse of the H-1B system, President Trump invoked his authority under 8 U.S.C. §§ 1182(f) and 1185(a)(1), and issued Proclamation 10973, *Restriction on Entry of Certain Nonimmigrant Workers*, 90 Fed. Reg. 46,027 (Sep. 24, 2025) (the "Proclamation"), which adopted temporary and reasonable rules, to restrict entry of certain H-1B temporary alien workers, subject to certain exclusions, unless the petition filed on the alien's behalf is accompanied or supplemented by a payment of $100,000.

Plaintiffs challenged the Proclamation as *ultra vires* and challenged the agencies' implementing memoranda under the Administrative Procedure Act ("APA"). ECF 8. Plaintiffs moved for early summary judgment (ECF 18), and briefing on their motion, and Defendants' cross-motion, is nearly complete. Defendants now move to dismiss the Amended Complaint for

1

failure to state a claim for the reasons set forth in Defendants' summary judgment briefing (ECF 37 through 37-4), and Defendants' reply memoranda (to be filed December 17, 2025).

## STANDARD OF REVIEW

"To survive a motion to dismiss under Rule 12(b)(6), the complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Citizens for Responsibility & Ethics v. FEC*, 243 F. Supp. 3d 91, 98 (D.D.C. 2017) (Howell, J.) (quotations/citations omitted). "[A] complaint must offer 'more than labels and conclusions' or 'formulaic recitation of the elements of a cause of action' to provide 'grounds' for 'entitle[ment] to relief[.]'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "In considering a motion to dismiss for failure to plead a claim on which relief can be granted, the court must consider the complaint in its entirety, accepting all factual allegations in the complaint as true[.]" *Id.* citing *Twombly*, 550 U.S. at 555. The court "is not required to accept the plaintiff's legal conclusions as correct[.]" *Id.*, citing *Sissel v. U.S. Dep't Health & Human Servs.*, 760 F.3d 1, 4 (D.C. Cir. 2014).

## ARGUMENT

Plaintiffs have failed to state a claim upon which relief can be granted for Counts I and II of the Amended Complaint for the reasons set forth in Defendants' Opposition and Cross-Motion for Summary Judgment, which is fully incorporated herein by reference, including all supporting papers (ECF 37 through 37-4) and Defendants' forthcoming reply brief. Those reasons include but are not limited to: discretionary actions of the President are not reviewable, the Proclamation does not entirely exceed the President's authority as required by the *Kyne* test, and in fact complies with §§ 1182(f) and 1185(a), there is no statutory prohibition that has been contravened, the President is not subject to the APA, the agency actions implementing the Proclamation are not subject to

APA review, and actions committed to agency discretion by law are not reviewable under the APA. *See generally* ECF 37. Furthermore, Plaintiffs have not met the requirements for injunctive relief, and the requested relief including universal vacatur is improper. *Id.*

Amendment would be futile because the legal deficiencies cannot be remedied and Plaintiffs have already amended once as of right. *Robinson v. Detroit News, Inc.*, 211 F. Supp. 2d 101, 114 (D.D.C. 2002) ("An amendment would be futile if it merely restates the same facts as the original complaint in different terms, reasserts a claim on which the court previously ruled, fails to state a legal theory, or could not withstand a motion to dismiss.").

## CONCLUSION

The Court should dismiss Plaintiffs' Amended Complaint for the same reasons it should grant summary judgment for Defendants, as set forth in Defendants' Opposition and Cross-Motion for Summary Judgment and supporting papers (ECF 37 through 37-4), and Defendants' forthcoming reply. Leave to amend should also be denied.

Respectfully submitted,

| | |
|---|---|
| **Drew C. Ensign** | **Glenn Girdharry** |
| Deputy Assistant Attorney General | Acting Deputy Director |
| Office of Immigration Litigation | |
| | By: */s/ Alexandra McTague* |
| **August Flentje** | **Alexandra McTague** |
| Special Counsel for Immigration | Senior Litigation Counsel |
| | U.S. Department of Justice, Civil Division |
| **Tiberius Davis** | Office of Immigration Litigation |
| Counsel to the Assistant Attorney General | P.O. Box 868, Ben Franklin Station |
| | Washington, DC 20044 |
| | (202) 718-0483 |
| | alexandra.mctague2@usdoj.gov |
| | *Counsel for Defendants* |